United States District Court
Southern District of Texas
**ENTERED**
April 03, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| QUINTIN LEON ROBINSON, a/k/a QUINTEN ROBINSON, a/k/a QUENTIN ROBINSON, | § § § § | |
| *Plaintiff*, | § § | |
| v. | § | CIVIL ACTION NO. H-20-1160 |
| K. SALMERON, *et al.*, | § § § | |
| *Defendants.* | § | |

### MEMORANDUM OPINION AND ORDER

Plaintiff, a state inmate proceeding *pro se* and seeking leave to proceed *in forma pauperis*, filed this section 1983 lawsuit seeking monetary damages for alleged violations of his constitutional rights by prison officials at the Huntsville Unit.

Having screened the lawsuit pursuant to sections 1915 and 1915A, the Court **DISMISSES** this case for the reasons explained below.

### I. BACKGROUND AND CLAIMS

Plaintiff claims that on February 11, 2019, prison officer defendant K. Salmeron grabbed his arm and yelled at him for no reason. Plaintiff states that he screamed back at Salmeron to get her hands off him, but she punched him on the chest and pushed him. Disciplinary charges were brought against plaintiff for his conduct, and he was found guilty of creating a disturbance.

Plaintiff claims that Salmeron handled the incident in an improper and unprofessional manner, and that her actions were an unnecessary use of force. He further claims that Salmeron falsified her testimony at the disciplinary hearing, and that other defendant officers "covered up" her perjury. Plaintiff filed a complaint with the Office of the Inspector General, but it was determined that no further investigation or action was warranted. Plaintiff complains that other defendant officers violated his rights by denying his administrative appeals and grievances.

As judicial relief, plaintiff asks that the officers involved in the incident and its cover up be fired, and that he be awarded $10 million in damages. His complaint and grievances allege no physical injury caused by Salmeron's conduct, nor does he report that the disciplinary conviction has been reversed or set aside.

## II. ANALYSIS

A. <u>Sections 1915 and 1915A</u>

As plaintiff is a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579–80 (5th Cir. 1998). Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under 28 U.S.C. § 1915(e)(2). Both sections 1915(e)(2)(B) and 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id*. at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

B. Grievances and Appeals

Plaintiff complains that the defendants violated his constitutional rights by denying his prison grievances and administrative appeals. His complaints raise no viable claim for relief under section 1983, as prisoners have no constitutional right to satisfactory resolution of their prison grievances or appeals. *Geiger v. Jowers*, 404 F.3d 371, 373–74 (5th Cir. 2005).

Plaintiff fails to state a viable section 1983 claim for relief against the defendants as to their denials of his prison grievances and appeals, and the claims are **DISMISSED WITH PREJUDICE**.

C. *Heck* Bar

Plaintiff claims that his disciplinary conviction was unlawful in that it was based on perjured and fabricated testimony. He seeks monetary damages for the wrongful conviction. Plaintiff does not state, nor do his exhibits show, that the disciplinary conviction has been overturned or otherwise set aside.

3

The Supreme Court has held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been [overturned]." *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). "It is well-settled under *Heck* that a plaintiff who has been convicted of a crime cannot recover damages for an alleged violation of his constitutional rights if that violation arose from the same facts attendant to the charge for which he was convicted." *Bush v. Strain*, 513 F.3d 492, 497 (5th Cir. 2008) (internal quotation marks omitted). The *Heck* doctrine also operates to bar prisoners from seeking monetary damages regarding a disciplinary proceeding through a section 1983 action. *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997).

Plaintiff's allegations that Salmeron assaulted him and that his own conduct was in response to her actions is a challenge to the validity of the disciplinary conviction finding him guilty of creating a disturbance. Moreover, his allegations that Salmeron and other defendants presented perjured testimony at the disciplinary hearing is an additional challenge to the validity of the conviction. In finding plaintiff guilty of creating a disturbance, the hearing officer necessarily rejected plaintiff's version of the incident. Plaintiff's allegations and claims imply the invalidity of his disciplinary conviction. Because he does not allege that the conviction has been set aside, his section 1983 claims and request for monetary damages are barred by *Heck* and *Balisok*.

Plaintiff's claims against the defendants for monetary damages regarding the incident and disciplinary conviction are **DISMISSED WITH PREJUDICE** until such time as the *Heck* conditions are met. Plaintiff's request that the Court fire the defendants is **DENIED**, as the Court has no authority to terminate the defendants' employment.

### III.  CONCLUSION

This lawsuit is **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted under section 1983, and for failure to state a claim premised on the *Heck* bar. Any and all pending motions are **DENIED AS MOOT**. This dismissal constitutes a "strike" under section 1915(g).

The Clerk is directed to provide a copy of this order to the parties. The Clerk will also provide a copy of this order to the TDCJ – Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, fax: 512-936-2159; and by e-mail to the Manager of the Three-Strikes List for the Southern District of Texas, at Three_Strikes@txs.uscourts.gov.

Signed at Houston, Texas, on this the 2nd day of April, 2020.

KEITH P. ELLISON  
UNITED STATES DISTRICT JUDGE